IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP DELGADILLO,

    **Plaintiff,**
    vs.

NEW MEXICO CORRECTIONS
DEPARTMENT

    **Defendant.**

## COMPLAINT FOR DAMAGES DUE TO THE OVER DETENTION OF PHILLIP DELGADILLO

Plaintiff, Phillip Delgadillo, by and through his attorneys, The Law Office of Frances Crockett and Law Office of Kari Morrissey, alleges and complains as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. At all times material herein, Plaintiff was an inmate incarcerated under the custody and control of Defendant.

2. At this time Plaintiff is not incarcerated.

3. Defendant, New Mexico Corrections Department, is a governmental entity organized and operating subject to the laws of the State of New Mexico and the Federal Government.

4. Immunity is waived for the actions described herein under Sections 41-4-6 (operation of a building) and 41-4-12 (deprivation of rights under state and federal constitution.

5. This is a civil action brought pursuant to 42 U.S.C. § 1983 in order to obtain declaratory relief and monetary damages as a result of the Defendant having unlawfully

constrained the Plaintiff of his liberty by keeping him in custody for 89 days beyond when his incarceration should have terminated.

6. This Court has jurisdiction over these issues pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. §1983 jurisdiction).

7. Given the above, jurisdiction and venue are proper.

## II. FACTUAL BACKGROUND

8. On July 26, 2012 Mr. Delgadillo was sentenced to the Department of Corrections for the criminal offenses of Criminal Sexual Penetration in the Fourth Degree (two counts) and Child Solicitation by Electronic Communication Device (two counts) in Cause number D-503-CR-200900029 after violating his probation.

9. This sentence was to be served concurrently to any sentence being served in D01027-CR-200800015.

10. Mr. Delgadillo was sentenced to six years and was given credit for four years and 76 days.

11. Mr. Delgadillo was ordered to serve one year and 289 days beginning October 21, 2011.

12. Mr. Delgadillo's release date was May 2, 2013. Mr. Delgadillo was not released until July 30, 2013.

13. Mr. Delgadillo was released after a hearing before Judge Shuler-Gray on July 23, 2013.

14. At this hearing Randy Dorman of the New Mexico Department of Corrections appeared telephonically and indicated that Mr. Delgadillo was not being released as the Department of Corrections was under the impression that Mr. Delgadillo was subject to 5-20 year parole and were holding him pending the approval of a parole plan.

15. When in fact, as of May 2, 2013 Mr. Delgadillo had completed one year of parole inside

and **was not** subject to 5-20 year parole for his offenses.

16. After a hearing on the matter Judge Shuler-Gray determined that Mr. Delgadillo was not subject to 5-20 year parole and was to be released immediately.

17. Judge Shuler-Gray issued an order to this effect on July 26, 2013.

18. Mr. Delgadillo was released on July 30, 2013 pursuant to the Court's release order.

19. As a result Mr. Delgadillo was held by the New Mexico Department of Corrections without legal authority for eighty-nine days.

20. Mr. Delgadillo's Judgment and Sentence ("J&S") documents are all readily available by the Defendant.

21. Defendant is responsible for the J&S interpretation and certification as well as any audits regarding Mr. Delgadillo time in Defendant's custody.

### III. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF- (§1983 EIGHTH AMENDMENT VIOLATION-CRUEL AND UNUSUAL PUNISHMENT)

22. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

23. By Defendant's deliberate indifference in failing to properly calculate Mr. Delgadillo's sentence and release, Mr. Delgadillo was not released from incarceration on May 2, 2013. Defendant was responsible for Mr. Delgadillo's having been restrained of his liberty by Defendant's supervision for 89 days beyond the date on which the law required his incarceration to terminate, in violation of Mr. Delgadillo's right to be free from cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States and New Mexico Constitution.

## SECOND CLAIM FOR RELIEF- (§1983 FOURTEENTH AMENDMENT VIOLATION-LOSS OF LIBERTY WITHOUT DUE PROCESS OF LAW)

24. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

25. By requiring that Mr. Delgadillo submit to infringements on his liberty beyond the proper conclusion of his sentence, Defendant was responsible for Mr. Delgadillo having been deprived of his liberty without due process of law, in violation of his rights under the Fourteenth Amendment to the United States and New Mexico Constitution.

## THIRD CLAIM FOR RELIEF- (§1983 FOURTH AMENDMENT VIOLATION-ILLEGAL SEIZURE)

26. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

27. By requiring that Mr. Delgadillo remain in custody beyond the proper conclusion of his sentence, Defendant was responsible for Mr. Delgadillo having been deprived of his right to be free from illegal seizures of his person in violation of his rights under the Fourth Amendment to the United States and New Mexico Constitution.

## FOURTH CLAIM FOR RELIEF- (STATE TORT CLAIMS - FALSE IMPRISONMENT, ILLEGAL SEIZURE, AND FALSE ARREST)

28. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

29. The actions of Defendants were not justified or privileged under state law.

30. By requiring that Mr. Delgadillo remain in custody beyond the proper conclusion of his sentence, Defendant falsely imprisoned, seized Plaintiff, and deprived Plaintiff of rights, privileges and immunities secured as a matter of State and Federal Constitution.

31. Defendant's detention of Plaintiff constitutes false arrest and false imprisonment.

## IV. DAMAGES.

32. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

33. As a direct and proximate result of the Defendant's conduct set forth above, Plaintiff suffered and sustained loss of liberty, economic losses, pain and suffering, mental distress, anxiety, and emotional suffering, and other damages for which he should be compensated in an amount deemed just by the Court.

34. Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

35. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.  Judgment against Defendant on all claims;

B.  Monetary damages, including punitive damages, in an amount to be determined at trial;

C.  An award of his attorneys' fees, costs, and expenses in bringing this lawsuit;

and

    D.    All other relief that law and justice require.

Respectfully submitted,

LAW OFFICE OF FRANCES CROCKETT

*(signature)*

Frances Carpenter
118 Wellesley Drive SE
Albuquerque, NM 87106
Phone: (505) 314-8883
Fax: (505) 2635-1319
*Attorney for Plaintiff*

- and -

*/s/ Kari T. Morrissey*
Kari T. Morrissey
LAW OFFICE OF KARI MORRISSEY
2501 Rio Grande Blvd., NW, Suite B
Albuquerque, NM 87104
(505) 244-0950
(505) 244-0952 Fax
*Attorney for Plaintiff*

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Phillip Delgadillo

## DEFENDANTS
New Mexico Corrections Department

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Santa Fe
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Frances Crockett, Frances Carpenter, 118 Wellesley Drive SE, Albuquerque, NM 87106, 505.314.8884; Law Office of Kari Morrissey, Kari T. Morrissey, 2501 Rio Grande Blvd., NW Suite B, Albuque

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Complaint for Damages Due to Over Detention

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
12/12/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____