# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PHILLIP DELGADILLO,

        Plaintiff,

    v.                                              Case No. 13-cv-01188 WJ/SMV

NEW MEXICO DEPARTMENT OF CORRECTIONS;[1] RANDY DORMAN, individually and in his official capacity; JOHN/JANE DOE, individually and in his/her official capacity; and GREGG MARCANTEL, in his individual and official capacity,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' FIRST MOTION TO DISMISS

THIS MATTER comes before the Court upon a 12(b)(6) motion to dismiss for failure to state a claim (Doc. 16) filed on February 13, 2014 by Defendants Randy Dorman ("Dorman"), Gregg Marcantel ("Marcantel"), and John/Jane Doe ("Doe") in their individual and official capacities.

Plaintiff brings this civil action pursuant to 42 U.S.C. §1983[2] and state tort law to obtain declaratory relief and monetary damages, claiming that Defendants "unlawfully constrained the Plaintiff of his liberty by keeping him in custody for 89 days beyond when his incarceration should have terminated." *Plaintiff's First Amended Complaint*, Doc. 9. Plaintiff's three §1983 claims are based on an alleged violation of Plaintiff's Eighth, Fourth, and Fourteenth Amendments. After a careful examination of the Plaintiff's claims for relief and the applicable

---

[1] The Defendant New Mexico Department of Corrections was dismissed from the case by agreement of the parties. *See* Doc. 10 and Doc. 13.
[2] 42 U.S.C. §1983 permits civil action for the deprivation of rights.

law, the Court finds that the Defendants' motion to dismiss should be GRANTED in part and DENIED in part.

## BACKGROUND

### I. Facts from Plaintiff's First Amended Complaint (Doc. 9)

The Plaintiff was ordered to serve one year and 289 days in the New Mexico Department of Corrections ("NMCD") for committing various criminal offenses. His release date was May 2, 2013. At that time, Marcantel was the Secretary of the NMCD. He was directly responsible for carrying out lawful sentences imposed on persons remanded to the NMCD for incarceration by the New Mexico state court system and for releasing all prisoners upon the end of their sentences.

On May 1, 2013, Dorman, the advanced records coordinator and classification officer employed by NMCD, called Plaintiff into his office to inform him that he was not going to be released "tomorrow," his set date of release. Dorman explained that Plaintiff was supposed to have "5-20" years of parole instead of the one year parole, which Plaintiff had already served while in custody. When Plaintiff objected and urged Dorman to review his Judgment and Sentence documents, Dorman responded that pursuant to statute, he had a right to hold Plaintiff in custody until a judge said otherwise.

During Plaintiff's hearing on July 23, 2013, Dorman appeared telephonically and indicated that Plaintiff was not being released because the NMDC was under the impression that Plaintiff was subject to 5-20 years of parole and was holding him pending the approval of a parole plan. The judge determined that Plaintiff was not subject to 5-20 years of parole and ordered Plaintiff to be released immediately. Pursuant to the court's release order issued on July 26, 2013, the Plaintiff was released on July 30, 2013.

## II.     Legal Standard

The standard for dismissal under Rule 12(b)(6) is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The sufficiency of a complaint is a question of law, and a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). However, the court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

To survive a motion to dismiss, the plaintiff must "nudge [his] claim across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. The Tenth Circuit held that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1777 (10th Cir. 2007) (emphasis in original).

Notably, the Tenth Circuit held that "'[t]he *Twombly* standard may have greater bite' in the context of a §1983 claim against individual government actors, because 'they typically include complex claims against multiple defendants.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Thus, in a Section 1983 action, it is "particularly important" that a plaintiff's complaint "make[s] clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notices as to the basis of the claims against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis in original).

**DISCUSSION**

**I.     There is no Basis to Convert Defendants' 12(b)(6) Motion into a Motion for Summary Judgment**

In Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff requests, pursuant to Fed.R.Civ.P. 56(d), "limited discovery before responding to Defendant's Motion to Dismiss if the Court converts it into a Motion for Summary Judgment." Doc. 17.

While a court may convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment in order to consider matters outside of the plaintiff's complaint, Defendants' Motion to Dismiss relies only on the allegations made in the Plaintiff's First Amended Complaint. *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995). Further, by filing his Response (Doc. 17), Plaintiff demonstrates that he does not need "limited discovery before responding to Defendants' Motion to Dismiss." Hence, the Court shall proceed its analysis under the framework of Rule 12(b)(6).

**II.    Eleventh Amendment Immunity Bars Plaintiff from Suing Defendants in Their Official Capacities**

A. Plaintiff's Federal Claims[3]

Defendants seek to dismiss all of Plaintiff's federal claims against Defendants in their official capacities. The Eleventh Amendment immunizes an "unconsenting State…from suits brought in federal courts by her own citizens…" *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Defendants assert that because Marcantel is a state official and Dorman is a state employee, the Eleventh Amendment shields them from direct suit in federal court. *Johnson v. Bd. Of Cnty. Comm'rs for Cnty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (stating that "an official capacity suit is only another way of pleading an action against an entity of which an officer is an agent").

---

[3] Pursuant to 42 U.S.C. §1983, the Plaintiff claims that Defendants violated his Eighth, Fourteenth, and Fourth Amendment rights.

The Plaintiff responds by citing case law which in actuality, serves to confirm and elaborate on the Defendants' argument. *See Hafter v. Melo*, 502 U.S. 21, 30-31 (1991) (stating that while the Eleventh Amendment shields state officials from suit in federal court, it "does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983").

Because Plaintiff has failed to supply any case precedent or any evidence suggesting New Mexico has waived its Eleventh Amendment immunity, Plaintiff's federal claims against Defendants Marcantel, Dorman, and Doe in their official capacities shall be dismissed.

B. Plaintiff's State Tort Claim

Defendants contend that Plaintiff's state tort claims[4] should be dismissed because New Mexico never waived its Eleventh Amendment immunity under the New Mexico Tort Claims Act ("NMTCA"). NMSA 1978, §41-4-4(A)(2001). Defendants recognize that a State may waive its Eleventh Amendment immunity. However, under NMTCA, New Mexico consented to suits against its entities only for certain enumerated torts, none of which waived the protections afforded by the Eleventh Amendment. NMSA 1978, §41-4-4(F) ("Nothing in Subsections B, C and D of this section shall be construed as a waiver of the immunity from liability granted by Subsection A of this section or as a waiver of the state's immunity from suit in federal court under the eleventh amendment to the United States constitution"); *see also Ward v. Presbyterian Healthcare Servs.,* 72 F.Supp.2d. 1285, 1293 (D.N.M. 1999), *citing Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999).

---

[4] Plaintiff states claims under New Mexico state law for "false imprisonment, illegal seizure and false arrest." Because these claims sound in tort, Plaintiff contends that NMCD's immunity is waived under the New Mexico Tort Claims Act, Sections 41-4-6 (operation or maintenance of any building, machinery, or equipment) and 41-4-12 (deprivation of rights under state and federal constitution).

That New Mexico has not waived its Eleventh Amendment immunity under NMTCA is well established law. Therefore, the Court dismisses, without prejudice, Plaintiff's state tort claims against all Defendants in both their official and individual capacities. *Wojciechowski v. Harriman*, 607 F.Supp. 631, 634 (D.N.M. 1985) (stating that Section 41-4-4(F) bars tort claim suits against state in federal court, but the Eleventh Amendment bar does not preclude state law tort claims against counties and municipalities in federal court under diversity or pendent jurisdiction). Defendants may not be sued in their individual capacities because the theory of *respondeat superior* dictates that suing state employees individually based on their actions performed within the scope of their employment inevitably amounts to suing the state.

The Plaintiff is now left with his three Section 1983 claims against Defendants Dorman, Marcantel, and Doe in their individual capacities.[5]

## II.  Plaintiff may not Bring a Fourth Amendment Claim Based on the Allegation that He was Incarcerated for an Extended Period of Time

While Plaintiff has brought three Section 1983 claims based on the Eight, Fourteenth, and the Fourth Amendments, Defendants only dispute the legitimacy of Plaintiff's claim regarding the alleged violation of his Fourth Amendment.

The Defendants contend that Plaintiff cannot make a cognizable claim under the Fourth Amendment based on being incarcerated beyond his release date. Defendants explain that where a plaintiff "challenges merely the confinement *after* the institution of the legal process, but not

---

[5] Defendants correctly assert that while a state official acting in his individual capacity does not have immunity from suits requesting declaratory and prospective injunctive relief under Section 1983, Plaintiff here has failed to allege any facts that suggest he is entitled to declaratory or injunctive relief. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Simply stating that he is entitled to declaratory relief is not enough to meet the "actual controversy" requirement of the Declaratory Judgment Act. *Schepp v. Fremont Cnty.*, 900 F.2d 1448, 1452 (10th Cir. 1990) (stating that to determine whether the "actual controversy" requirement is met, courts "look beyond the initial controversy which may have existed at one time; rather, they must decide whether the facts alleged under all the circumstances, show that there is substantial controversy [] of sufficient *immediacy and reality* to warrant the issuance of a declaratory judgment") (emphasis in original).

the process itself, 'the protections offered by the Fourth Amendment do not apply'" (emphasis in original). *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008). Defendants assert that because the Plaintiff only challenges his continued incarceration after May 2, 2013 and not the fact that he was incarcerated in the first place, Plaintiff has no Fourth Amendment claim.

In response, Plaintiff cites a case where the incarcerated plaintiff's warrant did not state that he had "committed any criminal offense or had been convicted of any crime." *Ex parte Burford*, 7 U.S. 448, 452 (1806); *see also Albright v. Oliver*, 510 U.S. 266 (1994) (stating that Fourth Amendment governed pretrial deprivations of liberty). The cases that Plaintiff offers do not support his stance in any way. Instead, they affirm the Defendants' position that the Fourth Amendment applies to pretrial deprivations of liberty and not issues relating to post-conviction matters.

Plaintiff was already convicted and then finished serving his sentence. He complains neither about the process nor the basis of his arrest, but about the fact that he stayed in jail 89 days longer than he should have. Under the cited case law, Plaintiff's 89 days of excessive post conviction incarceration is not a Fourth Amendment violation. Accordingly, Plaintiff's §1983 claim based on an alleged violation of his Fourth Amendment rights shall be dismissed, leaving Plaintiff with his Eighth and Fourteenth[6] Amendment §1983 claims against Defendants in their individual capacities only.

### III. Plaintiff Failed to Plead Allegations Pertaining to Individual Defendants[7]

---

[6] Plaintiff asserts a violation of his procedural due process under the Fourteenth Amendment. For clarity's sake, the Court notes that the Plaintiff is not also entitled to a substantive due process claim under the Fourteenth Amendment because he already has an Eighth Amendment claim. *See* Graham v. Connor, 490 U.S. 386, 393 (1989) (if covered by a specific constitutional provision, claim must be analyzed under the standard appropriate to that specific provision); *see also* County of Sacramento v. Lewis, 523 U.S. 833 (1998) (stating that although Plaintiff bases his §1983 claim on the Eighth, Thirteenth and Fourteenth Amendments, only the Eighth Amendment provides the appropriate framework for analysis).

[7] Since Section II of this opinion discards Plaintiff's Fourth Amendment based claim, the remainder of the discussion pertains only to Plaintiff's 1983 claims based on the Eighth and Fourteenth Amendments.

A. <u>Facts Pled Against the Defendants</u>

A plaintiff must plead allegations pertaining to individual Defendants, especially in a multi-defendant Section 1983 case. *See Robbins*, 519 F.3d at 1249-50. However, Defendants assert that the Plaintiff fails to provide each Defendant with notice of any claim by lumping all Defendants together in making his various allegations. For example, Plaintiff states the following in his *First Amended Complaint* (Doc. 9):

- "Defendants' deliberate indifference in failing to properly calculate [plaintiff's] sentence and release." ¶27.
- "By requiring that [plaintiff] submit to infringements on his liberty beyond the proper conclusion of his sentence, Defendants were responsible for [plaintiff] having been deprived of due process of law." ¶29.
- "By requiring that [plaintiff] remain in custody beyond the proper conclusion of his sentence, Defendants falsely imprisoned, seized Plaintiff, and deprived Plaintiff of rights, privileges and immunities…" ¶34.
- "Defendants' detention of Plaintiff constitutes false arrest and false imprisonment." ¶35.

Plaintiff vaguely responds that he is not required to state what each Defendant did because all of the named Defendants deprived Plaintiff of his rights. He contends that "[f]or liability under Section 1983, direct participation is not necessary. Any official who 'causes' a citizen to be deprived of her constitutional rights can also be held liable." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990).

However, the portion of *Snell* that Plaintiff provides is incomplete without the following sentence that immediately follows the quoted language:

> The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights. *Id.*

A more complete reading of *Snell* requires the Plaintiff to establish a causal connection between a defendant's act and the consequence of that act that violated the plaintiff's constitutional rights.

8

In fact, *Robbins* states that the complaint must "make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." 519 F.3d at 1249-50 (explaining that this specification is needed particularly in § 1983 cases because defendants often include the government agency and a number of government actors sued in their individual capacities).

Here, most of the allegations made in Plaintiff's First Amended Complaint improperly lump the Defendants together without specifying who did what to whom. The only paragraphs in which Plaintiff does tailor his factual allegations are paragraphs 16 and 18 directed at Dorman. *See* Doc. 9. After much hesitation, the Court finds the allegations against Dorman sufficient to survive a 12(b)(6) motion to dismiss because paragraphs 16 and 18 do allege who (Dorman) did what (excessive incarceration) to whom (Plaintiff). As follows, Plaintiff's remaining claims (the Section 1983 claims based on Eighth and Fourteenth Amendment) against all Defendants except Dorman shall be dismissed.

  B. <u>Facts Pled Regarding Marcantel's Personal Involvement</u>

The Plaintiff also makes an allegation against Marcantel in paragraph 5 of his Amended Complaint which states as follows:

> Gregg Marcantel was, at all relevant times, the Director of New Mexico Corrections Department (NMCD hereinafter) and was directly responsible for carrying out lawful sentences imposed on persons remanded to the NMCD for incarceration by the New Mexico state court system, and to release all prisoners upon the end of their sentences.

Defendants assert that Marcantel, as Secretary of the NMCD, cannot be held liable for his subordinate's actions (*e.g.* Dorman) unless Plaintiff makes specific allegations that show Marcantel was in any way involved with keeping Plaintiff incarcerated after his release date of May 2, 2013.

A civil rights action against a public official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. *Ashcroft v. Iqubal*, 129 S.Ct. 1937, 1948 (2009) ("[b]ecause vicarious liability is inapplicable to…§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Further, a "theory of negligent supervision cannot provide a basis for liability under §1983." *Spencer v. Landrith*, 315 App'x 62, 54 (10th Cir. Feb. 26, 2009) (unpublished). Also, "there is no concept of strict supervisor liability under section 1983." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Rather, "the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Id.* at 994-95. In other words, Plaintiff must allege some personal involvement by Marcantel in the alleged constitutional violation to succeed in a complaint under §1983. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *see also Snell*, 920 F.2d at 700 (stating that "[p]laintiffs must show that a supervisory defendant, expressly or otherwise authorized, supervised, or participated in the conduct which caused the constitutional deprivation").

The Defendants assert that the conclusory and unspecific allegation Plaintiff makes against Marcantel fails to show specific personal involvement required for a Section 1983 claim. Plaintiff inaccurately responds that the law permits the status of supervisor alone to create liability for his subordinates' actions.

While direct participation is not necessary, the Plaintiff must allege some facts establishing a causal connection between the defendant-supervisor's act and the injury to himself. Yet here, Plaintiff asserts no facts alleging what Marcantel did to whom. As *Serna v. Colo. Dep't of Corr.* states, "'supervisory liability must be based upon active unconstitutional behavior' and 'more than a mere right to control employees.'" 455 F.3d 1146, 1153 (10th Cir.

2006). The fact that Marcantel's general duties include carrying out lawful sentences and releasing prisoners do not show that Marcantel did anything to authorize, supervise, or participate in the conduct which caused the constitutional deprivation. *Snell*, 920 F.2d at 700. Therefore, Plaintiff has no valid claims against Marcantel.

## CONCLUSION

Plaintiff has remaining his Eighth Amendment and Fourteenth Amendment claims against Defendant Dorman in his individual capacity only. Accordingly, the Court GRANTS in part and DENIES in part the Defendants' 12(b)(6) Motion to Dismiss for the reasons stated in this Memorandum Opinion and Order.

**SO ORDERED**

_____

UNITED STATES DISTRICT JUDGE