IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP DELGADILLO,

      **Plaintiff,**

      vs.                                          Civ. No. 13-1188  WJ/KK

RANDY DORMAN and JERRY ROARK,

      **Defendants.**

## ORDER DENYING DEFENDANTS' AMENDED MOTION FOR EXPEDITED PROTECTIVE ORDER

**THIS MATTER** is before the Court on Defendants' Amended Motion for Expedited Protective Order ("Amended Motion"), filed October 16, 2014.  (Doc. 76.)  On October 29, 2014, Plaintiff filed his Response to the Amended Motion.  (Doc. 81.)  On November 7, 2014, Defendants filed their Reply.  (Doc. 83.)  Having reviewed the parties' submissions and considered the legal bases for the motion, the Court finds that Defendants' Amended Motion is not well taken and is **DENIED**.

### PROCEDURAL AND FACTUAL BACKGROUND

On December 16, 2013, Plaintiff initially filed his Complaint against the New Mexico Corrections Department ("NMCD").  (Doc. 1.)  On January 20, 2014, Plaintiff filed an Amended Complaint adding Defendants Randy Dorman and Gregg Marcantel.  (Doc. 9.)  On January 28, 2014 and May 8, 2014, respectively, the Court dismissed the NMCD and Gregg Marcantel.  (Docs. 13 and 26.)  On August 28, 2014, Plaintiff filed a Second Amended Complaint adding Defendant Jerry Roark.  (Doc. 51.)  Thus, Randy Dorman and Jerry Roark are the remaining Defendants in this case.

The factual basis of Plaintiff's Complaint involves the alleged improper calculation of his sentence and release. On July 26, 2012, Plaintiff was sentenced to confinement by the NMCD for the criminal offenses of Criminal Sexual Penetration in the Fourth Degree and Child Solicitation by Electronic Communication Device after violating his probation. (Doc. 1 at 2.) Plaintiff states that his release date should have been May 2, 2013; however, Plaintiff was not released until July 23, 2013. (Id.) Plaintiff alleges that Defendants failed to properly calculate his sentence and release and that he was "restrained of his liberty for 89 days beyond the date on which the law required his incarceration to terminate." (Id.)

On August 20, 2014, Defendant Dorman filed a Motion for Summary Judgment on Absolute and Qualified Immunity. (Doc. 45.) Also on August 20, 2014, Defendant Dorman filed a Motion to Stay Discovery pursuant to his Motion for Summary Judgment. (Doc. 46.) On September 19, 2014, Defendant Roark joined Defendant Dorman's Motion for Summary Judgment and Motion to Stay Discovery. (Docs. 59 and 60.) On October 15, 2014, the Court granted Defendants' Motion to Stay Discovery pending a ruling on Defendants' Motion for Summary Judgment. (Doc. 75.)

On October 7, 2014, before the Court granted Defendants' Motion to Stay Discovery, Plaintiff submitted a request to the NMCD pursuant to the New Mexico Inspection of Public Records Act ("IPRA"). On October 9, 2014, Defendants filed an Emergency Motion for Protective Order Regarding IPRA Request. (Doc. 73.) The Court held a status conference regarding Defendants' Emergency Motion on October 14, 2014. (Doc. 74.) The Clerk's Minutes indicate that "Defendants will file an Amended Motion addressing whether a discovery stay based on qualified immunity precludes discovery as to nonparties and whether the IPRA

request at issue here impacts the Defendants." (Id.) Defendants' Amended Motion is now before the Court.

## LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted upon a showing of good cause. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of demonstrating good cause. *See, e.g., Semsroth v. City of Wichita*, 239 F.R.D. 630, 633 (D. Kan. 2006). "Good cause" is a standard that is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 132 (10th Cir. 2008) (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999)). "The district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties." *Miller v. Regents of Univ. of Colo.*, No. 98-1012, 188 F.3d 518 (Table), 1999 WL 506520 at *12 (10th Cir. 1999) (unpublished).

## DISCUSSION

Defendants move this Court for a protective order excusing both them and the non-party NMCD from responding to Plaintiff's IPRA request to the non-party NMCD. The questions before this Court are whether a discovery stay based on a qualified immunity defense precludes Plaintiff from making an IPRA request and, if not, whether the IPRA request to a non-party in this case subjects Defendants to the burdens of litigation in contravention of the intent and

purpose of a qualified immunity defense.  Defendants correctly note that "[n]o published Tenth Circuit or United States Supreme Court decision has dealt with the precise issue presented in this case[.]"  (Doc. 83 at 2.)  Furthermore, to the extent decisions from the District of New Mexico have addressed this issue, the Court finds they present facts that are distinguishable from the facts here.[1]  While the Court has reviewed and considered these decisions, the Court does not rely on them as binding.  Here, the Court looks to the statutory language of IPRA, along with relevant New Mexico case law, and considers the protections afforded by a qualified immunity defense and protective orders.  In so doing, the Court finds that an order staying discovery does not fall within the meaning of IPRA's catch-all exception "as otherwise provided by law."  The Court further finds that Plaintiff's IPRA request to a third party does not offend the purpose and intent of a discovery stay based on qualified immunity or subject Defendants to annoyance, embarrassment, oppression or undue burden or expense requiring entry of a protective order.  The Court does not address the merits of Plaintiff's IPRA request or the relevancy and/or admissibility of any documents he seeks.

> **A.    A Discovery Stay Based on Qualified Immunity Does Not Fall Within IPRA's Exception "As Otherwise Provided By Law"**

Under New Mexico law, "[e]very person has a right to inspect public records of this state."  N.M. Stat. Ann. § 14-2-1(A) (2005).  The New Mexico Court of Appeals has described the access to public records as a fundamental right.  *Edenburn v. New Mexico Dep't of Health*, 2013-NMCA-045, ¶ 12, 299 P.3d 424, 428.  "Public records" means:

---

[1] *Lowe v. State of New Mexico*, USDC Civ. No. 10-315 JCH/LFG, Memorandum Opinion and Order Granting Defendants' Motion for Order to Show Cause and Order to Show Cause (Doc. 25) (Sept. 28, 2010) (finding that policy reasons underlying a stay of discovery in immunity cases constitute a sufficient countervailing public policy such that prohibition of an IPRA request to a party is properly encompassed in a discovery stay); *Noland v. City of Albuquerque*, USDC Civ. No. 08-56 JB/LFG, Memorandum Opinion and Order (Doc. 72)(Oct. 27, 2009) (finding that no sound reason or legal authority prevented party from making request for public information while lawsuit was pending); *Monarque v. City of Rio Rancho*, USDC Civ. No. 11-135 MV/KBM, Memorandum Opinion and Order (Doc. 30) (May 20, 2011) (finding no basis upon which to deny Plaintiff's right to obtain public information under IPRA when request was made prior to order staying discovery).

> all documents, papers, letters, books, maps, tapes, photographs, recordings and other materials, regardless of physical form or characteristics, that are used, created, received, maintained or held by or on behalf of any public body and relate to public business, whether or not the records are required by law to be created or maintained.

N.M. Stat. Ann. § 14-2-6(E). "This right is limited *only* by the Legislature's enumeration of certain categories of records that are excepted from inspection." *Republican Party of New Mexico v. New Mexico Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 13, 283 P.3d 853 (emphasis added).  The New Mexico legislature has identified seven (7) specific categories of records excepted from public inspection. *See* N.M. Stat. Ann. § 14-2-1(A)(1)-(7).  The legislature has also included an eighth exception "as otherwise provided by law." *Id.* § 14-2-1(A)(8).  While Plaintiff argues that an additional non-statutory exception called the "rule of reason" exists, the New Mexico Supreme Court abolished the "rule of reason" exception in *Republican Party*.  2012-NMSC-026, ¶ 16, 283 P.3d 853.

Relying on a decision from this district in *Lowe v. State of New Mexico*, USDC Civ. No. 10-315 JCH/LFG, Defendants argue that IPRA provides grounds on which to grant their Amended Motion because it exempts documents from disclosure "as otherwise provided by law." (USDC Civ. No. 10-315 JCH/LFG, Memorandum Opinion and Order, Doc. 76 at 10.) Defendants additionally cite to the New Mexico Supreme Court's holding in *Republican Party,* and assert that a stay of discovery based on qualified immunity amounts to a privilege established in federal substantive law that "governs federal actions such as constitutional rights claims brought pursuant to 42 U.S.C. § 1983." (Doc. 76 at 11.)  Defendants contend that because federal law binds New Mexico courts under the Supremacy Clause, it follows that the statutory rights created by IPRA are enforceable only to the extent they do not infringe on the protections afforded by qualified immunity.  (Id.)   The Court disagrees.

In *Lowe*, Magistrate Judge Lorenzo Garcia entered a discovery stay pending resolution of qualified immunity.  (USDC Civ. NO. 10-315, Doc. 25 at 2.)  Several weeks after the discovery stay was entered, plaintiffs' counsel, Daniel Faber, made an IPRA request directed to the Attorney General's Office, a party to the case.  (Id.)  Defendants' counsel directed the Attorney General's Office not to respond and filed a Motion for Order to Show Cause as to why plaintiffs' counsel should not be held in contempt for violating the court's order staying discovery.  (Id. at 3.)  Finding that the policy reasons underlying a discovery stay in qualified immunity cases were grounds for ordering plaintiffs' counsel to withdraw his IPRA request, Judge Garcia relied on IPRA's exception "as otherwise provided by law," and the New Mexico Supreme Court's holding in *Newsome v. Alarid*, 568 P.2d 1236 (1977), which states in pertinent part:

> [w]e hold that a citizen has a fundamental right to have access to public records.  The citizen's right to know is the rule and secrecy is the exception.  Where there is no contrary statute *or countervailing public policy*, the right to inspect public records must be freely allowed.

*Newsome*, 568 P.2d at 1243 (emphasis added).   Judge Garcia further concluded that because the parties had voluntarily acceded to the Court's jurisdiction by filing their complaint, they were subject to the Court's rulings, including its stay of discovery.  (Id. at 6.)

In response to Judge Garcia's decision, Attorney Faber filed suit against the Attorney General in state district court to enforce his IPRA request.  (Doc. 81-2.)  The Attorney General tracked Judge Garcia's rationale and argued that a federal stay of discovery operates to foreclose a plaintiff's rights under IPRA's exception "as otherwise provided by law," and also fell within the category of a countervailing public policy (known as the "rule of reason" exception).  (Id. at 3-7.)  State Court District Judge Beatrice Brickhouse disagreed and held, *inter alia*, that "IPRA provides a statutory right independent of the federal rules of discovery."  (Id. at 6.)  Judge Brickhouse held that the statutory "as otherwise provided by law" exception did not apply, and

6

that the non-statutory "rule of reason" exception also did not apply. (Id. at 4-6.) Judge Brickhouse reasoned that the Attorney General had made no claim that the requested information was confidential, or that disclosure would be prejudicial to the public interest, and cited no authority that "federal litigation or a stay of discovery [was] sufficient to overcome the public policy evinced by IPRA itself." (Id.) Judge Brickhouse held that the Attorney General had violated IPRA by denying Attorney Faber's request. (Id. at 7.)

Subsequent to Judge Brickhouse's ruling, the New Mexico Supreme Court addressed the contours of IPRA's exceptions in *Republican Party*, 2012-NMSC-026, 283 P.3d 853. Although the facts of that case are not directly relevant here, the court's holding is. In *Republican Party*, the New Mexico Supreme Court abolished the nonstatutory "rule of reason" exception to IPRA, and further held that because the legislature had delineated what records are subject to public inspection and what records should be kept confidential in the public interest, this "obviates any need that existed for application of the 'rule of reason.'" *Id.* ¶ 16, 283 P.3d at 860.

> Accordingly, courts now should restrict their analysis to whether disclosure under IPRA may be withheld because of a specific exception contained within IPRA, or statutory or regulatory exceptions, or privileges adopted by this Court or grounded in the constitution. Therefore, cases applying the "rule of reason" to all of the exceptions enumerated by the Legislature are overruled to the extent they conflict with this Opinion.

*Id.* The Supreme Court in *Republican Party* also defined the IPRA's catch-all exception "as otherwise provided by law" as follows:

> This "catch-all" exception includes statutory and regulatory bars to disclosure, such as the Privacy Acts. *See City of Las Cruces v. Pub. Emp. Labor Relations Bd.*, 1996-NMSC-024, 121 N.M. 688, 690-91, 917 P.2d 451, 453-54. The "catch-all" exception also includes constitutionally mandated privileges, as recognized by the parties and the Court of Appeals, *Republican Party*, 2010-NMCA-080, ¶ 24, 148 N.M. 877, 242 P.3d 444, as well as privileges established by our rules of evidence, *Estate of Romero v. City of Santa Fe*, 2006-NMSC-028, ¶ 7, 139 N.M. 671, 137 P.3d 611; see also Rule 11-501 NMRA (limiting privileges that may be asserted to those grounded in the constitution, the rules of evidence, and

> other rules adopted by the Court). Although courts may use common law principles when interpreting IPRA, *see San Juan Agric. Water Users Ass'n*, 2011-NMSC-011, ¶ 20, 150 N.M. 64, 257 P.3d 884, this does not mean common law privileges provide a valid basis for withholding documents from public scrutiny when we do not otherwise recognize such privileges in our courts of law or by statutes, *see Estate of Romero*, 2006-NMSC-028, ¶ 11, 139 N.M. 671, 137 P.3d 611; *First Judicial*, 96 N.M. at 257, 629 P.2d at 333. Without proof of the Legislature's intent to the contrary, we do not construe IPRA to contemplate privileges not applicable elsewhere in our state government.

*Republican Party*, 2012-NMSC-026, ¶ 13, 283 P.3d 853, 859.

Given the New Mexico Supreme Court's abolition of the "rule of reason" exception, and given the court's clear definition of "as otherwise provided by law" as stated above, the basis for Judge Garcia's holding in *Lowe* no longer applies. Therefore, in light of the more recent and definitive guidance from the New Mexico Supreme Court, this Court finds that a stay of discovery based on qualified immunity does not fall within the catch-all exception "as otherwise provided by law." A stay of discovery based on qualified immunity is not grounded in statute or regulation, and it does not set forth any constitutionally mandated privileges or privileges recognized by the rules of evidence. To the extent it rises to the level of a common law privilege, as Defendants suggest, that is not enough to fall within the "as otherwise provided by law" exception. In *Edenburn v. New Mexico Dep't of Health*, 2013-NMCA-045, 299 P.3d 424, the New Mexico Court of Appeals specifically addressed, *inter alia*, the difference between privileges that exist under New Mexico law and common law privileges, as they apply to IPRA. The court held that allowing nondisclosure on the basis of a common law privilege not otherwise recognized by New Mexico's constitution would frustrate IPRA's guiding purpose of promoting government transparency. *Edenburn*, 2013-NMCA-045, ¶ 8, 299 P.3d 424, 427 (quoting *Republican Party*, 2012-NMSC-26 at ¶¶ 35, 38). While the Court does not equate a stay of

8

discovery based on qualified immunity to a common law privilege, even assuming *arguendo* it were, it would not fall within the meaning of "as otherwise provided by law."

Furthermore, Defendants' invocation of the Supremacy Clause is misplaced. The United States Supreme Court has described the Supremacy Clause as operating to "secure federal rights by according them priority whenever they come in conflict with state law." *Chapman v. Hous. Welfare Rights Org.*, 441 U.S. 600, 613 (1979) (quotations omitted). Here, there are no federal rights in conflict with IPRA. In arguing otherwise, Defendants mistake the nature of the right qualified immunity gives them. As discussed below, Defendants' qualified immunity defense gives them the qualified right to be free from the burdens of litigation. However, it does not give them the right to keep information secret that is otherwise available to the public; and it certainly does not give them the right to prohibit a non-party from disclosing publicly available information. Defendants ask this Court to restrict a state law right on the basis of a qualified immunity defense which does not apply to NMCD, a non-party, and which, even as to Defendants, does not constitute a common law privilege, much less a privilege constitutionally mandated or grounded in statute, rule, or regulation. IPRA and New Mexico case law make clear that every citizen has a fundamental right to have access to public records, and the only limitation on that right is the New Mexico legislature's enumeration of records excepted from inspection. Neither the qualified immunity doctrine nor the Supremacy Clause requires the Court to nullify that fundamental right in this instance.

    **B.**    **Plaintiff's IPRA Request Does Not Offend the Purpose and Intent of a Discovery Stay Based on Qualified Immunity**

There being no basis in IPRA itself to preclude Plaintiff's IPRA request, the next question before the Court is whether the request burdens Defendants with discovery in contravention of the purpose and intent of a qualified immunity defense. As this Court has oft

repeated, it is well settled in the Tenth Circuit that qualified immunity is not only a defense to liability but also an entitlement to immunity from suit and other demands of litigation. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). The doctrine of qualified immunity not only protects government officials from the costs associated with trial, but also from "the other burdens of litigation," which include "the burdens of broad reaching discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (internal quotations omitted). Thus, the basic thrust of the qualified immunity defense is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert,* 500 U.S. at 236). To that end, discovery is typically stayed as to all parties, even those not asserting a qualified immunity defense, in order for qualified immunity defendants to benefit from their immunity defense. *Iqbal*, 556 U.S. at 685.

> Here, Plaintiff requested information under IPRA from the non-party NMCD, as follows:

> copies and .pst files of any and all emails by and between: Nichol Madrid, Randy Dorman (randy.dorm@state.nm.us), Jerry Roark, Megan Bowen (MBowen@da.state.nm.us) Cathy Catanach (cathy.catanach@state.nm.us), Carlos Elizondo, and Stephanie Erickson containing the subject headings: Release Order Delgadillo, Phillip Delgadillo inmate # 69291, Phillip Delgadillo – Draft, or Delgadillo # 69291 or any variation thereof from March 1, 2013, to August 1, 2013.

(Doc. 76 at 3.) Defendants argue that Plaintiff's IPRA request burdens them because they would be "part-and-parcel of NMCD's efforts to respond" to Plaintiff's request because they would shoulder some of the burden of reviewing e-mails and "sluicing out those messages" responsive to the IPRA request. (Id. at 13.) In support of their argument, Defendants attached to their Motion the Affidavit of James Brewster, General Counsel of NMCD, which states in pertinent part:

> when my office receives an IPRA request, the *normal* procedure is to first ask the individual employees whose records or documents are sought to review their

>documents and locate any responsive documents/records. I or my Office, as records custodian, routinely ask individual employees to look through their documents/records upon receipt of an IPRA request.

(Doc. 76-1 at 1-2) (emphasis added).

The Court is not convinced that Plaintiff's IPRA request burdens Defendants with the disruptive discovery meant to be avoided by a qualified immunity defense. As the Supreme Court in *Iqbal* explained, there are serious and legitimate reasons for freeing officials from the concerns of litigation when they have asserted the defense of qualified immunity.

>If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Iqbal*, 556 U.S. at 685.

Here, Plaintiff's IPRA request is directed to the non-party NMCD. As a public body, the NMCD is required to provide persons with "information regarding the affairs of government and the official acts of public officers and employees." N.M. Stat. Ann. § 14-2-5. To that end, the NMCD is statutorily mandated to designate "at least one custodian of public records" to receive and respond to requests to inspect public records as mandated by IPRA. N.M. Stat. Ann. § 14-2-7. According to Mr. Brewster's Affidavit, he is the records custodian for NMCD and responsible for responding to IPRA requests. (Doc. 76-1.) IPRA provides that "'custodian' means any person responsible for the maintenance, care or keeping of a public body's public records, *regardless of whether the records are in that person's actual physical custody and control*." N.M. Stat. Ann. 14-2-6A (emphasis added). NMCD's duty to respond to Plaintiff's request

derives from IPRA, not from Defendants' status as litigants in this case; and the fact that Defendants are NMCD's employees does alter NMCD's statutory duty.

Additionally, the fact that Plaintiff's IPRA request is made to Defendants' employer does not require Defendants' participation in litigation, nor does it require Defendants to make an informed decision as to how they should proceed.  The statutory requirements of IPRA dictate how the NMCD should proceed.  Further, there is no indication that NMCD's duty to respond to Plaintiff's IPRA request, a task that is part of its "routine duties," will substantially divert Defendants from the proper execution of the work of the government. Although Mr. Brewster states that the "normal procedure" is to first ask the individual employees whose records or documents are sought to review their documents and locate any responsive documents/records he does not state that this is the only procedure available.  Logic suggests there must be circumstances where public information is requested involving employees who have retired, resigned, been terminated, passed away, who are on leave or vacation, or who are otherwise unavailable thereby necessitating retrieval of information in that employee's absence.  Moreover, there is no indication in the statute that Mr. Brewster is relieved of his duty as records custodian because an employee is unavailable to assist in responding.  Finally, given the technology-driven nature of twenty-first century business, along with the size and scope of NMCD's presence in the State of New Mexico, logic further suggests that there must be an information technology department (or person) to which this task could be assigned rather than to Defendants.

The Court reiterates that it is not addressing either the merits of Plaintiff's IPRA request or the relevancy and/or admissibility of any documents he may obtain.  It is for the records custodian to determine whether any of the excepted categories of documents enumerated in IPRA apply to Plaintiff's request.  N.M. Stat. Ann. §§ 14-2-8 and 14-2-9; *see also  Newsome v.*

*Alarid*, 568 P.2d 1236, 1244 (1977).  To the extent any exception to disclose were believed by NMCD to apply, IPRA provides its own procedure for denying requests.  *See* N.M. Stat. Ann. §§ 14-2-11 and 14-2-12.  To the extent documents are disclosed for inspection, the Federal Rules of Civil Procedure and Federal Rules of Evidence will govern Plaintiff's use of those documents in this litigation.

      **C.     Plaintiff's IPRA Request Does Not Cause Annoyance, Embarrassment, Oppression or Undue Burden or Expense.**

Rule 26(c) governs protective orders and specifically states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).  There is no indication here that Plaintiff's IPRA request, as stated, seeks information that will annoy, embarrass or oppress Defendants.  Further, receiving and responding to IPRA requests is mandated by statute and part of NMCD's routine duties as a public body.  As such, it will not unduly burden the NMCD to respond.  Lastly, it is Plaintiff as the requestor of information, and not Defendants, who will bear the expense of any charges related to producing and/or copying public records.  N.M. Stat. Ann. § 14-2-9(C).

      **D.     Sanctions**

Plaintiff moves this Court for sanctions against Defendants.  Plaintiff argues that Defendants failed to disclose the e-mails that are the subject of his IPRA request pursuant to their obligations under Rules 26(a) and 26(e).  The question of whether Defendants failed to disclose the e-mails in question pursuant to their duty to disclose is not at issue here and the Court will not address Plaintiff's argument in that regard.  To the extent Plaintiff's motion for sanctions is related to Defendants' Amended Motion, the Court discussed with the parties and granted leave for Defendants to file their Amended Motion based on the novel nature of the issue addressed.

(See Doc. 74.)  For this reason, the motion was substantially justified, making an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Amended Motion for Expedited Protective Order is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **DENIED**.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**